# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCDONALD, | : 3:13-CV-02957 |
| Petitioner | : |
| | : (Judge Mannion) |
| v. | : |
| | : (Magistrate Judge Schwab) |
| MARIOSA LAMAS, | : |
| Respondent | : |

## REPORT AND RECOMMENDATION

**I.  Introduction.**

In 2010, Petitioner John McDonald ("McDonald"), was convicted in the Court of Common Pleas of Dauphin County of unlawful delivery of a controlled substance, resisting arrest, flight to avoid apprehension, unlawful possession of drug paraphernalia, and possession of marijuana.  He was sentenced to an aggregate term of 45 months to 144 months in a state correctional institution.  In this habeas corpus case, McDonald challenges those convictions by asserting the following claims: (1) insufficient evidence; (2) ineffective assistance of counsel; (3) violation of constitutional rights; and (4) unfair, unreasonable, and unconstitutional sentence.  For the reasons discussed below, we recommend that the petition for a writ of habeas corpus be denied.

## II. Background and Procedural History.

In 2009, McDonald was arrested and charged with unlawful delivery of a controlled substance, resisting arrest, flight to avoid apprehension, escape, unlawful possession of drug paraphernalia, and possession of marijuana. *See doc.14-5* at 1. Following a jury trial in 2010, McDonald was found guilty of all charges levied against him with the exception of the escape charge. *Id.* at 2. As a result, he was sentenced to an aggregate term of 45 months to 144 months in a state correctional institution. *Id.*

Following his conviction, McDonald filed a direct appeal in the Superior Court of Pennsylvania on May 5, 2010. *Doc. 14-5* at 2. On appeal McDonald raised two claims: the first challenged the sufficiency of the evidence regarding his resisting arrest conviction; and the second challenged the sufficiency of the evidence regarding his unlawful delivery of a controlled substance conviction. *14-1* at 7. The Superior Court, on April 12, 2011, rejected McDonald's argument as to the resisting arrest conviction and determined that he waived the claim challenging the sufficiency of the unlawful delivery of a controlled substance conviction, citing failure by his counsel to provide case law for the claim. *Doc. 14-3* at 4-6. On May 16, 2011, McDonald filed a Petition for Allowance of Appeal in the Supreme

Court of Pennsylvania.[1] The Supreme Court denied the petition on October, 7, 2011.

Thereafter, on November 3, 2011, McDonald filed a petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").[2] *See doc. 14-4*. In that petition, McDonald presented two ineffective-assistance-of-counsel claims. *Id.* at 3, 4. He based his first claim on his former attorney's failure to move for an acquittal or mistrial on the grounds that the prosecution had not proved its case and had presented hearsay testimony. *Id.* at 3. In his second claim, McDonald asserted that his counsel was ineffective because his former attorney failed to properly develop an insufficient-evidence claim on appeal to the Superior Court, resulting in a waiver of that claim. *Id.* at 4. The PCRA Court rejected both claims and issued a

---

[1] The criminal docket sheets from the Superior Court and the Supreme Court of Pennsylvania regarding McDonald's criminal case are available on the website of the Unified Judicial System of Pennsylvania: http://ujsportal.pacourts.us. The court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). The state docket sheets from McDonald's criminal case are public record of which we can take judicial notice. *See Wilson v. McVey*, 579 F.Supp.2d 685, 688 (M.D.Pa.2008) (taking judicial notice of court docket); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir.1999) (stating that court "may take judicial notice of another court's opinion–not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

[2] 42 PA. CON .STAT. § 9541 *et seq*. (2016) (The Pennsylvania Post Conviction Relief Act).

final order dismissing McDonald's PCRA petition on February 14, 2013. *Doc. 14-5* at 12.

Rather than appealing the PCRA Court's order dismissing his PCRA petition, McDonald filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2016). *Doc. 1*. In his petition, McDonald names the Pennsylvania Attorney General as the respondent.[3] *Id.* at 1. On December 23, 2013, we ordered the respondent to file a response to McDonald's petition, and the respondent did so on February 19, 2014. *Docs. 13, 14*. McDonald's petition is now ripe for review.

### III. Legal Standards.

"Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 566 U.S.

---

[3] The proper respondent in a petition for writ of habeas corpus is the official having custody of the applicant. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in The United States District Courts, 28 U.S.C. § 2254. In this case, the proper respondent is Mariosa Lamas, the Superintendent at the State Correctional Institution in Chester, Pennsylvania, not the Attorney General of Pennsylvania. Nevertheless, we will not recommend that McDonald file an amendment; instead, the Court should construe the petition as solely naming Lamas as the appropriate respondent. *See Maher v. Pennsylvania Board of Probation and Parole*, No. 04-1277, 2005 WL 1324879, at *1 n.2 (M.D. Pa. June 3, 2005) (Vanaskie, J.) (noting and applying the same).

1 (2012).  One of these rules is that a state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c).  The exhaustion requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").  "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995). A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies.  *O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987).  The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845.[4]

---

[4]  In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254.  *Lambert v. Blackwell,* 387 F.3d 210, 233 (3d Cir.2004).  Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only to the Pennsylvania Superior Court.

In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he fairly presented his federal claim to the state courts. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The fair-presentation requirement provides the State the opportunity to consider and correct an alleged violation of a prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (citations omitted). Rather, for a claim to have been fairly presented to the state courts, both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran,* 835 F.2d at 508.

"[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese,* 541 U.S. 27, 32 (2004). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case

deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.* Although to meet the fair-presentation requirement, a petitioner need not cite "book and verse" of the federal constitution, "the substance of a federal habeas corpus claim must first be presented to the state courts." *Picard,* 404 U.S. at 278. "A petitioner can 'fairly present' his claim through: (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Nara v. Frank,* 488 F.3d 187, 197-98 (3d Cir.2007).

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *see also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) ("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'"). Such a claim becomes procedurally defaulted rather than unexhausted. A procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Martinez*, 132 S.Ct. at 1316.

A procedural default generally bars a federal court from reviewing the merits of a habeas claim that the prisoner procedurally defaulted in state court. *Id.*; *Munchinski v. Wilson,* 694 F.3d 308, 332 (3d Cir. 2012). "Grounded in principles of comity and federalism, the procedural default doctrine prevents a federal court sitting in habeas from reviewing a state court decision that rests on a state law ground 'that is sufficient to support the judgment,' when that state law ground 'is independent of the federal question and adequate to support the judgment.'" *Munchinski,* 694 F.3d at 332-33 (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "In such situations, 'resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory.'" *Id.* at 333.

There are, however, exceptions to the bar on consideration of procedurally defaulted claims. *Martinez*, 132 S.Ct. at 1316. A federal court may consider the merits of a procedurally defaulted habeas claim in two situations: (1) the petitioner establishes cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) the petitioner demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "To show cause and prejudice, 'a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements.'" *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002)(quoting *Coleman*, 501 U.S. at 753). "To show a fundamental miscarriage of justice, a

petitioner must demonstrate that he is actually innocent of the crime by presenting new evidence of innocence." *Keller v. Larkins*, 251 F.3d 408, 415–16 (3d Cir. 2001) (citation omitted).

**IV. Discussion.**

In this case, McDonald raises four grounds for habeas relief. We address each in turn. First, McDonald raises a sufficiency of the evidence claim as a ground for habeas relief. McDonald contends that the evidence presented at his trial was not sufficient to sustain his unlawful delivery of a controlled substance conviction because the prosecution failed to present marked money, phone call records, surveillance footage, and a confidential informant to the jury. *See doc. 1* at 5. Although McDonald, through counsel, raised this claim on direct appeal to the Pennsylvania Superior Court, the court determined that he waived the claim for lack of development because he did not cite to pertinent case law. The waiver of that claim barred McDonald from appealing it further. McDonald, therefore, procedurally defaulted on his sufficiency of the evidence claim in state court and is barred from raising it as a ground for habeas relief in federal court unless he can establish "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his default. *See Fry v. Krysevig*, 2007 WL 141018, at *2 (M.D. Pa. Jan. 17, 2007) ("An unexhausted claim which may no longer be raised in the state courts because

of a procedural bar, such as a prior waiver of the claim or the failure to raise the claim in a timely petition, is considered to have been defaulted."); *see also Ramzee v. Folino*, 2006 WL 3762034, at *6 (M.D. Pa. Dec. 20, 2006) (citing *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)) ("A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims."). McDonald, however, has not shown cause and prejudice or a fundamental miscarriage of justice to excuse his default. Thus, McDonald's sufficiency of the evidence claim should be denied.

Next, McDonald raises an ineffective assistance of counsel claim and a violation of constitutional rights claim as two additional grounds for habeas relief. McDonald bases his ineffective assistance of counsel claim on the grounds that his counsel was ineffective when she failed to develop an argument and cite case law in a brief on direct appeal in the Superior Court, which resulted in the waiver of one of his claims. *See doc.* 1 at 6. And, McDonald bases his violation of constitutional rights claim on the grounds that he did not receive a fair trial because of evidentiary issues. *Id.* at 8. McDonald's November 3, 2011, PCRA petition raised the same ineffective assistance of counsel and violation of constitutional rights claims that McDonald now raises here as grounds for habeas relief.

McDonald, however, did not appeal the PCRA court's dismissal of that petition to the Pennsylvania Superior Court within 30 days.[5] As such, McDonald is procedurally barred from pursuing his ineffective assistance of counsel and violation of constitutional rights claims any further in state court, and has therefore procedurally defaulted those claims. *See Neal v. Sauers*, 2012 WL 1645752, at *9 (E.D. Pa. Mar. 2, 2012) (report and recommendation adopted) (failure to appeal dismissal of PCRA petition within 30 days to the Pennsylvania Superior Court constitutes procedural default of the claims presented therein). Because McDonald has not shown cause and prejudice or a fundamental miscarriage of justice to excuse his default, these two claims should also be denied.[6]

---

[5] PA. R.A.P. 903 (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken).

[6] Generally, counsel's ineffectiveness on direct appeal is cause to excuse procedural default. *Saunders v. Asure*, 2015 WL 7776627, at *6 (M.D. Pa. Dec. 3, 2015). However, "[t]he difficulty for Petitioner is that ineffective assistance of counsel in failing to raise a claim on direct appeal is itself a claim that must have been properly presented to the state courts and if it has not been, must also satisfy the cause and prejudice standard before the underlying claim can be considered on the merits." *Id.* As illustrated above, McDonald failed to properly present his ineffective assistance of counsel claim to the state courts when he did not appeal the PCRA Court's judgment on his PCRA petition. Thus, McDonald procedurally defaulted his ineffective assistance of counsel claim and cannot use it to establish cause to excuse the default of his underlying claim namely, his sufficiency of the evidence claim (ground one). *Id.* (citing *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000) (claim that direct-appeal counsel was ineffective in not making a claim that the evidence was insufficient to support the conviction could not serve as cause to excuse the default of the underlying claim when the ineffectiveness claim was itself procedurally defaulted)).

Finally, McDonald raises an unfair, unreasonable, and unconstitutional sentence claim as grounds for habeas relief. He bases this claim on the fact that he was given consecutive sentences instead of concurrent sentences as a result of his 2010 convictions for unlawful delivery of a controlled substance, resisting arrest, flight to avoid apprehension, unlawful possession of drug paraphernalia, and possession of marijuana. *See doc. 1* at 9. McDonald could have raised this claim either on his direct appeal or in his PCRA petition, but he did not. He is now procedurally barred from raising this claim in state court.[7] As a result, McDonald has procedurally defaulted on his unfair, unreasonable, and unconstitutional sentence claim and is barred from presenting it as a ground for habeas relief. *See Saunders*, 2015 WL 7776627, at *6 (M.D. Pa. Dec. 3, 2015) (denying habeas claim because of procedural default where the petitioner failed to raise the claim on direct appeal or in his PCRA petition in state court).

To, conclude, McDonald has procedurally defaulted on all four of the claims that he presents in his petition for habeas relief. Furthermore, McDonald has failed to show "cause and prejudice" or "a fundamental miscarriage of justice" in order to excuse his default. As a result, the Court should deny McDonald's § 2254 petition for habeas relief.

---

[7] McDonald is time barred from filing the claim in a second or amended PCRA petition because the one-year statute of limitations has run. *See* 42 PA. STAT. AND CONS. STAT. ANN. § 9545 (2016).

## V. Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that McDonald's petition (*doc. 1*) for a writ of habeas corpus be **DENIED**.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.
>
> Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **18th** day of **November 2016**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge