UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCDONALD,                       : | |
|     **Petitioner**            : | CIVIL ACTION NO. 3:13-2957 |
| v.                                   : | (MANNION, D.J.) |
| MARIOSA LAMAS,                       : | (SCHWAB, M.J.) |
|     **Respondent**            : | |

## MEMORANDUM

Pending before the court is the report and recommendation of Magistrate Judge Susan E. Schwab, (Doc. 17), recommending that the court deny petitioner John McDonald's petition for writ of habeas corpus, (Doc. 1). Mr. McDonald has failed to advise the court of his address since his release from custody. Because of this the Clerk of Court was unable to deliver Judge Schwab's report to him, which would allow him an opportunity to object to the report pursuant to Local Rule 72.3. The court finds that Mr. McDonald has failed to prosecute this action and failed to comply with the local rules of this court. As such, his petition is **DISMISSED WITH PREJUDICE**.

On December 9, 2013, Mr. McDonald filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). On November 18, 2016, Judge Schwab provided a report recommending that the court deny Mr. McDonald's petition due to his failure to exhaust state remedies. (Doc. 17). The report was mailed to Mr. McDonald at the Rockview State Correctional Institution in Bellefonte, Pennsylvania ("SCI-Rockview") where he was housed as an

inmate at the time of his initial petition filing. On November 11, 2016, the report was returned to the court and was marked as undeliverable, with no forwarding address. (*See* Doc. 18). On December 12, 2016, the court was informed by the records department at SCI-Rockview that Mr. McDonald was no longer an inmate and that he was released on parole approximately two (2) years ago. Mr. McDonald failed to provide this court with his personal address upon his release from custody. His last contact with the court occurred approximately three (3) years ago, on December 19, 2013, when he elected to have the court rule on his petition under 28 U.S.C. §2254. (*See* Doc. 4). At this stage, it appears quite clear that Mr. McDonald has abandoned his petition. As such, dismissal is warranted under Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows the court to dismiss an action where a party has failed to prosecute or failed to comply with the district court's rules or orders. The rule empowers the district court to dismiss a civil action *sua sponte*. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). Normally, district courts are required to evaluate the six factors set forth in Poulis v. State Farm Fire & Insurance Casualty, 747 F.2d 863 (3d Cir. 1984), prior to the dismissal. *See, e.g.*, id. at 257–58. A district court should also provide the party with an opportunity to explain the reasons for failing to prosecute and/or comply with rules and orders. In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 247 (3d Cir. 2013). "However, when a litigant's conduct makes adjudication

of the case impossible, such balancing under *Poulis* is unnecessary." *McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d. Cir. 2012) (nonprecedential) (citing *Guyer v. Beard*, 907 F.2d 1424, 1429–30 (3d Cir. 1990)). In addition, where a party has failed to provide a current address, an order attempting to contact the party to warn him or her of sanctions and to prompt a response "would only find itself taking a round trip tour through the United States mail." *Id.* (quoting *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988)).

      Mr. McDonald has failed to comply with the court's local rules. Local Rule 83.18 imposes an affirmative obligation on *pro se* litigants to keep the court informed of their whereabouts. The rule provides as follows:

> Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.

Local R. 83.18. Mr. McDonald's failure to keep the court apprised of his whereabouts upon his release from SCI-Rockview was a clear violation of the rules of this court. His release occurred nearly two (2) years ago and the court can find no justification for Mr. McDonald's failure to contact the court within that time frame.

      The present circumstance does not present an instance where there may have been a postal error and additional service may rectify the problem,

3

but presents a complete and total failure of Mr. McDonald to keep the court apprised of his whereabouts. *Compare* McLaren, 462 F. App'x at 149, *with* Bishop v. USDA ,— F. App'x — , 2016 WL 3743162 (3d Cir. July 13, 2016). Because of this, the court is unable to communicate with Mr. McDonald, warn him that his petition faces dismissal, and allow him to respond. Nor can the court meaningfully engage in an analysis of the *Poulis* factors. *See McLaren*, 462 F. App'x at149. Accordingly, Mr. McDonald's abandonment of the action and his failure to comply with local rules warrants dismissal under Rule 41(b).

In accordance with the above findings, Mr. McDonald's petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 is **DISMISSED WITH PREJUDICE** and the report and recommendation of Judge Schwab, (Doc. 17), is now moot.[1] A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: December 22, 2016

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2957-01.wpd

---

[1] Although the court finds that Judge Schwab's report is now moot, the court has reviewed the conclusions reached therein and agrees with Judge Schwab's analysis and recommendation. Thus, if Mr. McDonald were to attack this court's judgment under Federal Rule of Civil Procedure 60, the court can see no objection that would save Mr. McDonald's petition from eventual dismissal.